IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC., | |
| Petitioner, | |
| v. | Civil Action File No: _____ |
| SAFEWAY GROUP, INC.; WH-TRI COUNTY SHOPPING CENTER, LLC;  and KEITH MITCHELL, | |
| Defendants. | |

## PETITION FOR RECISSION AND DECLARATORY JUDGMENT

COMES NOW, Seneca Insurance Company, Inc. ("Seneca"), Petitioner in the above-styled action, and files this petition for Rescission and Declaratory Judgment, showing the Court as follows:

## PARTIES

### 1.

Seneca is incorporated under the laws of the State of New York, and its principal place of business is located in the State of New York.

2.

Defendant WH-Tri County Shopping Center, LLC ("Tri County") is a Georgia Limited Liability Company authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court.  Upon information and belief, Rafat Shaikh is the single member of Tri County.  Rafat Shaikh resides at 7420 Wildercliff Drive, Atlanta Georgia 30328 in Fulton County Georgia.  Tri County may be served through its registered agent, Rafat U. Shaikh, at 6961 Peachtree Industrial Blvd, Suite 101, Norcross, Georgia, 30092.

3.

Defendant Safeway Group, Inc. ("Safeway Group") is a Georgia Corporation with its principal place of business in the State of Georgia and may be served through its registered agent, Rafat U. Shaikh, at 6961 Peachtree Industrial Blvd, Suite 101, Norcross, Georgia, 30092.   Mr. Shaikh is the President and Chief Executive Officer of Safeway Group, Inc.

4.

Defendant Keith Mitchell is a resident of the State of Georgia and may be served with process at his residence located in Fayette County at 610 Tranquil Ct. Fayetteville, Georgia 30215.

## JURISDICTION AND VENUE

### 5.

This Court has jurisdiction because this is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a)(1), (c)(2).

### 6.

This Court has jurisdiction to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.  *See* 28 U.S.C. § 2201.

### 7.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between Seneca and Defendants involving the scope and extent of Seneca's obligations to defend and indemnify Safeway Group and Tri County in connection with claims being asserted in the Underlying Lawsuit.  *See also* Fed. R. Civ. P. 57.

### 8.

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), and Local Rule 3.4.  Seneca seeks an interpretation of an insurance policy issued to Defendant Safeway Group at 6961 Peachtree Industrial Blvd, Suite 101, Norcross,

Georgia, 30092, which lies within this District.  Moreover, Defendants reside within this District.  *See* 28 U.S.C. § 1391(b)(1) and (2); L.R. 3.4.

9.

The purpose of this action is to resolve an actual controversy arising out of a certain insurance policy issued by Seneca to Safeway Group.  Seneca seeks the rescission of this policy based on material misrepresentations in the Commercial Insurance Application for the Policy and a determination that it has no duty to defend and indemnify Safeway Group and Tri County in the Underlying Lawsuit brought by Keith Mitchell.

## THE UNDERLYING LAWSUIT

10.

Defendant Keith Mitchell filed a civil action against Defendants Tri County and Safeway Group that is currently pending in the State Court of Fulton County, State of Georgia styled: *Keith Mitchell v. WH-Tri County Shopping Center, LLC, and Safeway Group, Inc.*, Civil Action File No.  15EV000738C  ("Underlying Lawsuit").  A true and accurate copy of Keith Mitchell's Complaint is attached as Exhibit A.

11.

Tri County owns the Tri County Shopping Center located at 7490 Old National Highway, Riverdale, Georgia where Keith Mitchell alleges he was shot.

12.

Tri County is an additional insured under the Policy.

13.

Safeway Group manages the Tri County Shopping Center.

14.

In the Underlying Lawsuit, Tri County and Safeway Group are alleged to have negligently maintained, inspected, secured, patrolled and managed the Tri County Shopping Center, resulting in the shooting of Mr. Mitchell.

15.

The Underlying Complaint further alleges that Tri County and Safeway Group had knowledge of various crimes that occurred between October 30, 2010 and August 17, 2014 at Tri County Shopping Center.

16.

Keith Mitchell seeks compensatory and punitive damages as a result of this incident.

## FACTS RELATED TO SENECA'S COVERAGE

17.

Seneca issued a Commercial General Liability insurance policy, Policy No. SCC 2016342 (the Policy), to Safeway Group that was effective from January 30, 2014 to January 30, 2015.  A true and accurate copy of the Policy, with confidential premium information redacted, is attached as Exhibit B.

18.

Seneca issued the subject Policy in reliance on a Commercial Insurance Application dated October 2, 2013 (the "10/2/13 Application").

19.

Hamby & Aloisio is Safeway Group's insurance agent, and acted as agent for Safeway Group and Tri County in preparing the 10/2/13 Application and in obtaining insurance coverage for Safeway Group and Tri County.

20.

In reliance on the Commercial Insurance Application, and the information supplied in that application, Seneca offered to provide liability insurance coverage to Safeway Group and Tri County.

21.

Safeway's insurance agent accepted the coverage offered by Seneca on behalf of Safeway and Tri County on 1/27/14, and Seneca subsequently issued the subject Policy.

22.

Seneca is defending the Underlying Lawsuit pursuant to a reservation of its rights to deny coverage or seek a coverage determination through a declaratory judgment action.  A true and accurate copy of Seneca's reservation of rights letter dated May 13, 2015, is attached as Exhibit C.

23.

Safeway Group and Tri County have accepted Seneca's defense under a reservation of rights.

24.

The 10/2/13 Application, Applicant Information Section, contains the following "Loss History" request for information:

> ENTER ALL CLAIMS OR LOSSES (REGARDLESS OF FAULT AND WHETHER OR NOT INSURED) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE PRIOR 5 YEARS (3 YEARS IN KS & NY)

25.

In response to this request for information, reference is made to "Loss runs on file with the underwriters" but no information is provided on any occurrences during this period of time that might result in a claim.

26.

The 10/2/13 Application , Commercial General Liability Section, contains the following question:

> 18.  HAVE ANY CRIMES OCCURRED OR BEEN ATTEMPTED ON YOUR PREMISES WITHIN THE LAST THREE (3) YEARS?

27.

The response to Question No. 18 in the Commercial General Liability section  in the October 2, 2013 Application is "no."

## COUNT I
## RECISSION

28.

Seneca restates and re-alleges Paragraph 1 through 27 as if fully set forth herein.

29.

On information and belief, during the 5 years prior to the 10/2/13 Application, Safeway Group and Tri County had notice of multiple occurrences

that might give rise to claims that were not disclosed in the Application for Commercial Insurance, specifically including occurrences at Tri County Shopping Center.

30.

Because Safeway Group and Tri County were aware of occurrences that might give rise to claims during the 5 years before the 10/2/13 Application, then the omission of this information was a  misrepresentation that was material to the acceptance of the risk or to the hazard assumed by the insurer.  Without this misrepresentation, Seneca would either not have issued the Policy, would not have issued the Policy at the premium charged or would not have issued the same coverage.

31.

On information and belief, during the 3 years prior to the 10/2/13 Application, Safeway Group and Tri County had notice of multiple crimes that occurred or were attempted on its premises that were not disclosed in the Application for Commercial Insurance, specifically including crimes at Tri County Shopping Center.

32.

Because Safeway Group and Tri County were aware of crimes in the 3 years before the 10/2/13 Application then the answer to Question No. 18 in the Commercial Liability Section is a misrepresentation that was material to the acceptance of the risk or to the hazard assumed by the insurer.  Further, without this misrepresentation, Seneca would either not have issued the Policy, would not have issued the Policy at the premium charged or would not have issued the same coverage.

33.

Based on these misrepresentations, Petitioner is entitled to rescission of its Policy, along with other appropriate relief.

34.

Seneca hereby tenders the premium paid by Safeway Group for the Policy in exchange for rescission of the Policy.

**COUNT II**
**DECLARATORY JUDGMENT**

35.

Seneca restates and re-alleges Paragraph 1 through 34 as if fully set forth herein.

36.

On information and belief, during the 5 years prior to the 10/2/13 Application, Safeway Group and Tri County had notice of multiple occurrences that might give rise to claims that were not disclosed in the Application for Commercial Insurance, specifically including occurrences at Tri County Shopping Center.

37.

Because Safeway Group and Tri County were aware of occurrences that might give rise to claims during the 5 years before the 10/2/13 Application, then the omission of this information was a misrepresentation that was material to the acceptance of the risk or to the hazard assumed by the insurer.  Without this misrepresentation, Seneca would either not have issued the Policy, would not have issued the Policy at the premium charged or would not have issued the same coverage.

38.

On information and belief, during the 3 years prior to the 10/2/13 Application, Safeway Group and Tri County had notice of multiple crimes that occurred or were attempted on its premises that were not disclosed in the

Application for Commercial Insurance, specifically including crimes at Tri County Shopping Center.

39.

Because Safeway Group and Tri County were aware of crimes in the 3 years before the 10/2/13 Application then the answer to Question No. 18 in the Commercial Liability Section is a misrepresentation that was material to the acceptance of the risk or to the hazard assumed by the insurer.  Further, without this misrepresentation, Seneca would either not have issued the Policy, would not have issued the Policy at the premium charged or would not have issued the same coverage.

40.

Based on these misrepresentations, Petitioner is entitled to a determination that it owes no duty to defend or indemnify Safeway Group and Tri County in the Underlying Lawsuit, along with all other appropriate relief.

**COUNT III**
**FAILURE TO MEET CONDITION PRECEDENT**

41.

Seneca restates and re-alleges Paragraph 1 through 40 as if fully set forth herein.

- 12 -

42.

The Policy contains, in part, the following policy condition:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   **(1)**    How, when and where the "occurrence" or offense took place;

   **(2)**    The names and addresses of any injured persons and witnesses; and

   **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

   **b.**    If a claim is made or "suit" is brought against any insured, you must:

   **(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)**    Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   **c.**    You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

43.

First notice to Seneca of the events alleged in the Underlying Lawsuit was receipt of an email dated April 6, 2015, from Dan Greenberg of Hamby & Aloisio.

44.

If Safeway Group and Tri County failed to provide notice as soon as practicable of the "occurrence" that resulted in the claim alleged in the Underlying Lawsuit, then this is a breach of a condition precedent and Petitioner is also entitled to a determination that it has no duty to defend or indemnify Safeway

Group and Tri County in the Underlying Lawsuit, and other appropriate relief, because of the breach of a condition precedent to coverage.

WHEREFORE, Petitioner Seneca prays that:

(a) Process issue and that Defendants be served with the Petition as provided by law;

(b) The Policy be rescinded *ab initio*;

(c) The Court determine that Seneca has no duty to defend or indemnify Safeway Group and Tri Count in the Underlying Lawsuit or to pay Keith Mitchell;

(d) Seneca be reimbursed for all costs paid by Seneca in connection with the defense of Safeway Group and Tri County in the Underlying Lawsuit; and

(e) For any and all other just relief to which it may be entitled, legal or equitable.

Respectfully submitted this 19th day of January, 2016.

DREW ECKL & FARNHAM, LLP

*s/ Stevan A. Miller*
Stevan A. Miller
**Georgia Bar No. 508375**

880 W. Peachtree St. NW (30309)
P.O. Box 7600
Atlanta, GA 30357-0600
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: smiller@deflaw.com
***Attorney for Petitioner***

6178053/1
05596-112069

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Petitioner hereby certifies that the forgoing has been prepared

with one of the font and point selections approved by the Court in LR 5.1(B):

Times New Roman (14 point).

This 19th day of January, 2016.

DREW ECKL & FARNHAM, LLP


*s/ Stevan A. Miller*
Stevan A. Miller
**Georgia Bar No. 508375**

880 W. Peachtree St. NW (30309)
Post Office Box 7600
Atlanta, Georgia 30357
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: smiller@deflaw.com
**Attorney for Petitioner**

6178053/1
05596-112069