UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SENECA INSURANCE COMPANY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL FILE NO. 1:16-CV-00174-WSD |
| SAFEWAY GROUP, INC.; WH-TRI COUNTY SHOPPING CENTER, LLC; and KEITH MITCHELL, | ) | |
| Defendants, | ) | |
| v. | ) | |
| | ) | |
| HAMBY & ALOISIO, INC., | ) | |
| Third-Party Defendant. | ) | |
| _____ | ) | |

**SENECA INSURANCE COMPANY, INC.'S RESPONSE
TO SAFEWAY GROUP, INC. AND WH-TRI COUNTY SHOPPING CENTER,
LLC'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

COMES NOW Seneca Insurance Company, Inc. ("Plaintiff" or "Seneca"), and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, submits this response to Safeway Group, Inc. and WH-Tri County Shopping Center, LLC's Statement of Additional Material Facts, and shows this Court as follows:

56.

The Loss History Grid in the ACCORD form contains subjective questions which ask the applicant to determine which occurrences may lead to a claim. (*See e.g.*

[1]

Ex. 39 at SEN467).

**Response:**

**Disputed. Notably, the Movants' fact is not material. Moreover, the Movants' citation does not support the Movants' fact, insofar as it is refuted by the testimony of William Knepper. William Knepper testified the Applications submitted by Safeway were standard ACORD applications. [*Knepper Depo.*: Exhibit 131, p. 3]. ACORD is a global, nonprofit organization that has served the insurance industry since 1970 and whose main purpose is to standardize insurance forms and applications. [*Id.* at p. 237:12-17; Exhibit 131, p. 3]. These forms include established, unambiguous questions and requirements necessary so an underwriter can compete the underwriting process. [*Id.* at pp. 43:12-25;44:1-15;185:2-10; Exhibit 131, p. 3].**

57.

Safeway is not a defendant in the lawsuits filed by (a) LW (alleged December 9, 2011 rape and kidnapping); (b) Carlton Miller (alleged June 22, 2012 shooting) and/or (c) Ray Smith (alleged November 12, 2011 shooting). (Ex. 5, 6, and 24).

**Response:**

**Undisputed. However, the Movants' fact is not material.**

58.

Seneca's own underwriting expert testified that, given the information disclosed by Safeway to Seneca, he probably would have asked for more information regarding crimes. (Knepper Depo., p. 162, ll. 2-15).

**Response:**

**Disputed. The Movants' citation does not support the Movants' fact, insofar as it mischaracterizes the testimony presented. William Knepper did not testify he would have probably asked for more information regarding crimes "given the information disclosed by Safeway to Seneca." Rather, he testified if he was provided a document such as Exhibit 61, he would probably require actual copies of the loss runs summarized as well as the summary and based on that Seneca and would probably ask for more information regarding crimes based on that. [*Knepper Depo*., pp. 161:14-25; 162:1-15].**

59.

Seneca's own underwriting expert also testified that when presented with contradictory information during the underwriting process he "would attempt to get a reconciliation for that." (*Id*. at p. 158, ll. 11-17).

**Response:**

**Disputed. The Movants' citation does not support the Movants' fact,**

**insofar as it mischaracterizes the testimony presented.   William Knepper testified "I would think if I was the underwriter I would attempt to get reconciliation for that, given the scope of your question.  I don't know what happened here. I think it's reasonable to assume that the underwriter looked at this summary and did a calculation based on this summary as to what would be an acceptable premium based on his loss projections based on this. [*Knepper Depo*., p. 158: 11-25].**

60.

The rape alleged in the LW lawsuit did not occur on any premises owned or managed by the Safeway Defendants. (Ex. 5, ¶¶ 7 and 8).

**Response:**

**Undisputed.  However, the Movants' fact is not material.**

61.

The LW lawsuit was disclosed to Seneca on the Loss Run Summary. (Ex. 61).

**Response:**

**Disputed. Notably, the Movants' fact is not material. Moreover, the Movants' citation does not support the Movants' fact, insofar as the Loss Run Summary does not reflect a lawsuit. [*H&A Depo*.: Exhibit 61].**

[4]

62.

The Kiara Sims lawsuit was disclosed to Seneca on the Loss Run Summary. (Ex. 61).

**Response:**

**Disputed. Notably, the Movants' fact is not material. Moreover, the Movants' citation does not support the Movants' fact, insofar as the Loss Run Summary does not reflect a lawsuit. [*H&A Depo*.: Exhibit 61].**

63.

The Carlton Miller lawsuit was disclosed to Seneca on the Loss Runs. (Ex. 59 at SEN1482).

**Response:**

**Disputed. Notably, the Movants' fact is not material. Moreover, the Movants' citation does not support the Movants' fact, insofar as the Loss Runs do not reflect a lawsuit. [*H&A Depo*.: Exhibit 59: SEN001482].**

64.

Incidents referenced by Seneca and alleged to have occurred on August 27, 2011, October 15, 2012, and June 26, 2013 have no associated victim, claimant, demand, claim, loss or payment of any kind.  Accordingly, there is no additional evidence in the record for citation.

**Response:**

**Disputed. Notably, the Movants' fact is not material. Moreover, there is evidence in the record for citation in support of each of these incidents. As relates to the August 27, 2011 incident, Safeway was notified of people shooting in the parking lot via an email sent on August 31, 2011 by Cynthia Slaton, an employee of Kingdom Cleaning Company, which Safeway hired to sweep the parking lot. [*Safeway 30(b)(6) Depo*., pp. 72:13-25; 73:1-9; 74:4-25; 75:1; Exhibit 8]. This incident was not included on the loss runs provided to Seneca or disclosed in the Applications. [*Id*. at pp. 203:18-21, 25; 204:1-2]. Safeway was notified by security guard, Mark Hunt, of the October 15, 2012 incident the very day it occurred, and received a follow up email the following day. [*Id*. at pp. 69:9-25; 70:1-7; 95:23-25; 96:1-16; 97:14-21; Exhibit 12]. Again, this shooting was not disclosed in the Applications or on the loss runs provided to Seneca. [*Id*. at p. 203:18-24]. Mark Hunt also notified Safeway of the June 26, 2013 shooting incident. [*Id.* at pp. 58:12-17; 98:2-25; 99:1-22; Exhibit 3; Exhibit 13].**

Respectfully submitted this 7th day of February 2017.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*

Maren R. Cave
Georgia Bar No. 278448

[6]

Jennifer L. Nichols
Georgia Bar No. 001294
***Attorneys for Plaintiff***

[7]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SENECA INSURANCE | ) | |
| COMPANY, INC. | ) | |
|      Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL FILE NO. 1:16-CV-00174-WSD |
| SAFEWAY GROUP, INC.; WH-TRI COUNTY SHOPPING | ) | |
| CENTER, LLC; and KEITH | ) | |
| MITCHELL, | ) | |
|      Defendants, | ) | |
| v. | ) | |
| | ) | |
| HAMBY & ALOISIO, INC., | ) | |
|      Third-Party Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Seneca Insurance Company, Inc.'s Response to Safeway Group, Inc. and WH-Tri County Shopping Center, LLC's Statement of Additional Material Facts* upon all parties to this matter via electronic service through the Court's CMC/EF system as follows:

[8]

Jessica F. Pardi
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326

Charles L. Clay, Jr.
Jennifer R. Harbaugh
Christopher B. Newbern
CHUCK CLAY & ASSOCIATES, LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30327

Darren Summerville
SUMMERVILLE FIRM
400 Colony Square, Suite 2000
1201 Peachtree Street, N.E.
Atlanta, GA  30361

Kevin A. Doyle
Lokey, Mobley and Doyle, LLP
8425 Dunwoody Place
Atlanta, GA 30350

This 7th day of February 2017.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
Maren R. Cave
Georgia Bar No. 278448
Jennifer L. Nichols
Georgia Bar No. 001294

[9]

*Attorneys for Plaintiff*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

[10]

3361496v.1